IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPMAN, | § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-277 |
| CAROLYN KNIGHT, *et al.*, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Michael Chapman (TDCJ #02016060), has filed a complaint under 42 U.S.C. § 1983 claiming that his sister and brother-in-law stole his guitars (Dkt. 1). Because Chapman's live allegations fail to state a cognizable claim, the Court ordered Chapman to show cause why this case should not be dismissed (Dkt. 4). Chapman responded (Dkt. 5). Having considered Chapman's complaint, the response to the show cause order, and the applicable law, the Court sees little choice but to dismiss the complaint for failure to state a claim on which relief may be granted.

I.  **BACKGROUND**

Chapman alleges that his sister and brother-in-law, who are the only named defendants, stole two valuable guitars from him at gunpoint (Dkt. 1 at p. 4). In its show cause order, the Court asked Chapman to elaborate, as it did not appear that the defendants were state officers or were otherwise acting under color of state law (Dkt. 4).

1

Chapman's response confirmed that the defendants "are not police officers" or any other kind of state officers but, rather, are "thieves and crooks" (Dkt. 5).

## II. THE PLRA

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Chapman proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

2

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. THE "COLOR OF STATE LAW" REQUIREMENT

In order to state a claim under Section 1983, the plaintiff must show that the defendant was acting under color of state law. *Harris v. Rhodes*, 94 F.3d 196, 197–98 (5th Cir. 1996). Individuals—even individuals who are state officers—who are pursuing private aims and not acting by virtue of state authority are not acting under color of state law. *Id.* Chapman has not pled any facts that provide any basis for recovery under Section 1983 because Chapman has not sufficiently alleged that his sister and brother-in-law were state officers or otherwise acting under color of state law when they took his guitars. If they were not acting under color of state law, then their conduct is not actionable under Section 1983. *Id.*

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Chapman's claims are **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is also directed to provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas, on October 18, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE